

# THE ATTORNEY GENERAL.
## OF TEXAS

### AUSTIN 11, TEXAS

JOHN BEN SHEPPERD
ATTORNEY GENERAL

July 14, 1953

Hon. William H. Scott                Opinion No. S-70
Criminal District Attorney
Civil Courts Building                Re: Authority of Justices of
Houston 2, Texas                         the peace in Harris
                                         County to retain fees
                                         collected as Notary Public,
                                         as local registrar and
                                         fees collected for the
                                         performance of marriage
Dear Mr. Scott:                          ceremonies.

        You have requested an opinion on the authority
of justices of the peace in Harris County to retain fees
collected as Notary Public, as local registrar, and for
the performance of marriage ceremonies. Section 11 of
House Bill 671 of the 53rd Legislature provides that the
salary and other compensation contained in this Act shall
be in lieu of all other salaries and compensation now
received by any district, county or precinct officer.
Subdivision (c) of Section 19 of Article 3912e, Vernon's
Civil Statutes, provides that "In counties where the
Commissioners' Court determine to place the Justices of
the Peace on a salary basis the Justice of the Peace
shall receive in addition thereto all fees, commissions,
or payments for performing marriage ceremonies and for
acting as Registrar for the Board of Vital Statistics
and when acting as Ex-officio Notary Public." House
Bill 671 of the 53rd Legislature, being a later Act of
the Legislature repeals Section 19 of Article 3912e in-
sofar as it is in conflict. Therefore, the remaining
question for determination is what fees constitute ac-
countable fees of office.

        Article 4602, Vernon's Civil Statutes, authorizes
justices of the peace to perform marriage ceremonies. No
fee is provided for this service. Article 3891, Vernon's
Civil Statutes, provides that marriage ceremony fees that
may be collected by a justice of the peace are not account-
able as a fee of office. Therefore, such fees, if collected

by a justice of the peace, may be retained by him. Moore v. Sheppard, 144 Tex. 537, 192 S.W.2d 559 (1946); Att'y Gen. Ops. V-14 (1947); O-3234 (1942).

Fees paid justices of the peace acting as local registrar of births and deaths are accountable as fees of office and therefore cannot be retained by him. Att'y Gen. Op. V-1019 (1950).

Article 2376, Vernon's Civil Statutes, provides that each justice of the peace shall be commissioned as Ex-Officio Notary Public of his county. We have been unable to find any authority on the question whether the statutory notary fees constitute a fee of office for the justices of the peace and should be accountable as such. However, we believe that since it is not a mandatory duty placed on the justices of the peace to perform notary services for which statutory fees are provided that such fees constitute fees for personal services which may be retained by the justices of the peace. Moore v. Sheppard, supra.

## SUMMARY

Fees collected by justices of the peace compensated on a salary basis as local registrar cannot be retained by him in addition to his salary provided in House Bill 671 of the 53rd Legislature. Moore v. Sheppard, 144 Tex. 537, 192 S.W.2d 559 (1946); Att'y Gen. Ops. V-14 (1947); O-3234 (1942). Fees collected for the performance of marriage ceremonies and fees collected as Ex-officio Notary Public may be retained by justices of the peace in addition to his salary provided in House Bill 671 of the 53rd Legislature.

APPROVED:

B. Duncan Davis
County Affairs Division

Willis E. Gresham
Reviewer

Burnell Waldrep
Executive Assistant

John Ben Shepperd
Attorney General

Yours very truly,

JOHN BEN SHEPPERD
Attorney General

By John Reeves
John Reeves
    Assistant

JR:am